# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-475V
**Filed: March 11, 2015**
(Not to be published)

```
* * * * * * * * * * * * * * * * * * * * *
MARLON SPORER                            *
                                         *
             Petitioner,                 *     Attorneys' Fees & Cost; Stipulation
v.                                       *
                                         *
SECRETARY OF HEALTH                      *
AND HUMAN SERVICES,                      *
                                         *
             Respondent.                 *
                                         *
* * * * * * * * * * * * * * * * * * * * *
```

<u>Gerard K. Ryan</u>, Kelner & Kelner, New York, NY for petitioner.
<u>Julia W. McInerny</u>, United States Department of Justice, Washington, DC for respondent.

## DECISION ON ATTORNEY FEES AND COSTS[1]

**Gowen**, Special Master:

     In this case under the National Vaccine Injury Compensation Program,[2] I issued a decision adopting the parties' Proffer and awarding damages on February 23, 2015. On March 10, 2015, the parties filed a Stipulation of Fact concerning attorneys' fees and costs [Fee Stip.]. Fee Stip., filed Mar. 10, 2015. Additionally, pursuant to General Order #9, petitioners' counsel asserted that petitioner did not personally incur litigation costs in this matter. Id. at para. 4.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] The applicable statutory provisions defining the program are found at 42 U.S.C. § 300aa-10 et seq. (2006).

The parties' stipulation indicates that respondent does not object to the amended amount of $16,416.12 that petitioner is requesting for attorneys' fees and costs.

I find that this petition was brought in good faith and that there existed a reasonable basis for the claim. Therefore, an award for fees and costs is appropriate, pursuant to 42 U.S.C. §§ 300aa-15(b) and (e)(1). Further, the proposed amount seems reasonable and appropriate. **Accordingly, I hereby award:**

- **a lump sum of $16,416.12 in the form of a check payable jointly to petitioner and petitioner's attorney, Gerard Ryan, for petitioner's attorneys' fees and costs.**

The clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

                                                  **s/ Thomas L. Gowen**
                                                  Thomas L. Gowen
                                                  Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).